No. 18,523.

MAGGIE JONES, *Appellee*, v. THE JOPLIN & PITTSBURG
RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. STREET RAILWAY—*Personal Injuries—Crossing Track—When Duty of Court to Instruct as to Contributory Negligence.* In an action to recover for negligence in causing the death of a person where the defendant offers proof tending to show that the person for whose death the action was brought was guilty of contributory negligence and that he put himself in a place of danger with suicidal intent it is error for the court to refuse to instruct the jury as to contributory negligence and its effect if satisfactorily proven.

2. SAME—*When Inference of Ordinary Care May be Inferred.* The inference that a person in the presence of danger will be impelled by the love of life and the instinct of self-preservation to exercise care for his safety is a rule of law which places upon the opposite party the burden of offering proof against the fact presumed, but when substantial evidence upon the subject is produced the question then becomes one of fact for the jury.

3. SAME—*Erroneous Instruction as to Instinct of Self-preservation.* An instruction that because of the instinct of self-preservation a presumption must be indulged that the deceased was using due care and diligence at the time he was killed and did not intend to commit suicide, without any reference to the testimony produced on the subject and without telling the jury when the presumption would cease to operate, is substantial error.

Appeal from Crawford district court; JOHN C. CANNON, judge *pro tem.* Opinion filed January 10, 1914. Reversed.

*John P. Curran,* of Pittsburg, *E. W. Patterson,* and *Edward C. Wright,* both of Kansas City, Mo., for the appellant.

*F. B. Wheeler, C. S. Denison,* both of Pittsburg, and *A. M. Keene,* of Fort Scott, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action the appellee, Maggie Jones, recovered a judgment against the Joplin & Pittsburg Railway Company for negligently causing the death of her husband, David Jones, who was a resident of Frontenac and by occupation a coal miner. He and the appellee were married in 1890, and he died intestate on October 24, 1909, at the age of forty-nine years, leaving surviving his widow and two daughters. It appears that he worked steadily during his married life and had an earning capacity of from $50 to $75 a month. These earnings he contributed to the support of his family until about eight months before his death when he was taken sick and forced to give up his work. For a time before his death Jones was in the habit of taking early morning walks, and on the morning of October 24, 1909, he left the house before breakfast and started south along the street on which appellant's railway was constructed. The appellant operates a line of railway along the streets of Frontenac and one of its tracks passes the home of appellee. There is a descending grade from the north toward the south at this point, and on the morning in question the rails of appellant's railroad were more or less covered with frost. Shortly after Jones had started on his walk a car of appellant's, going in the same direction, struck and killed him at a point about four blocks from his home. In her petition appellee alleged that persons frequently walked upon and over the railway track; that those in charge of the car saw or should have seen the position of danger of Jones on the morning in question and could have stopped the car before striking him; that the car was run at a reckless rate of speed; that no signal or warning of its approach was given, and that Jones was killed through the gross and wanton negligence of those in charge of

the car. In its answer appellant alleged that Jones' death resulted from his negligence, that in fact he had intentionally and deliberately walked over from the street and placed himself upon the track in front of the car and was killed without any negligence of the appellant. The motorman testified that as he went south he saw Jones walking on that part of the street used by wagons, which was parallel to and about fifteen feet east of the railway track, that as the car approached he tapped the gong, when Jones turned and looked toward the car and then walked quickly across from the wagon road to the railroad track and threw himself across the rail. The motorman testified further that he applied the brake, but on account of the grade and the frost on the tracks he was unable to stop the car until it had passed over Jones' body and about seventy feet beyond it. Witnesses testified that the motorman made statements at variance with his testimony shortly after the accident. No witnesses testified that they saw Jones walking on the track, but two did testify that they saw him walking on the wagonway, twelve to fifteen feet east of the railroad and separated from it by a ditch. It was shown that Jones' body was found on the east side of the east rail of the track and that his head and hat were on the west side of the east rail and apparently the wheels had passed over his neck and hands.

Although appellant pleaded contributory negligence and offered proof that Jones came to his death through his own act and without the fault of appellant, the court declined to instruct the jury as to that defense. Contributory negligence is not mentioned in the instructions except to say that such negligence is no defense if appellant was grossly negligent. The court stated at length the grounds on which the jury might find in favor of appellee but did not instruct at all as to the defenses pleaded by appellant nor state any grounds upon which a verdict in its favor might be

based.   An instruction as to contributory negligence was specifically requested and refused.   The failure to give that or some similar instruction on the principal defense of the appellant was material error.

The court instructed that:

"The said David Jones, from the love of life and instinct of self-preservation, is presumed to have used ordinary care and diligence on his part in going upon or near the track of the said defendant at and prior to the time he met his death; and as a matter of law, it is presumed that the said David Jones, at and prior to the time he met his death, did not intend to commit suicide."

This instruction was given without the usual preliminary qualifications that such an inference may be drawn in the absence of evidence on the question, and without a statement that the presumption was to be considered in connection with the facts and circumstances of the case, and also without any statement as to the effect of evidence upon the subject.   As given the jury might have treated the presumption as conclusive evidence of due care and also of the absence of any suicidal purpose on the part of Jones.   The presumption, as it is called, is a rule of law which places upon the opposite party the burden of offering proof against the fact presumed, but when proof upon the subject is produced then the question becomes one of fact for the determination of the jury.   The presumption is available in the absence of evidence on the fact in question, but it ceases to operate when credible evidence of the actual facts is produced.   In *Railroad Co. v. Hill,* 57 Kan. 139, 45 Pac. 581, it was held that:

"A jury may infer ordinary care and diligence on the part of an injured person from the love of life or the instinct of self-preservation and the known disposition of men to avoid injury.   But this presumption is overthrown when there is direct proof to the contrary." (p. 142.)

Other cases on the subject are: *Dewald v. K. C. Ft. S. & G. Rld. Co.*, 44 Kan. 586, 24 Pac. 1101; *C. R. I. & P. Rly. Co. v. Groves*, 56 Kan. 601, 44 Pac. 628; *C. R. I. & P. Rly. Co. v. Hinds*, 56 Kan. 758, 44 Pac. 993; *Railroad Co. v. Gallagher*, 68 Kan. 424, 75 Pac. 469, 64 L. R. A. 344; *Railway Co. v. Baumgartner*, 74 Kan. 148, 85 Pac. 822; *Fike v. Railway Co.*, 90 Kan. 409, 133 Pac. 871.

The theory of the appellant is that Jones was suffering from a fatal disease, was despondent, and threw himself upon the railway track with the purpose of ending his life. To sustain that theory the appellant offered the evidence of the only eyewitness of the tragedy, to the effect that Jones turned aside from the road in which he was walking, crossed over to the track, seized the rail with his hands and placed his neck across the rail when it was too late to stop the car. It is contended, too, that the fact that the head was found on one side of the track and the body on the other, together with the further fact that the hands were crushed and the body was not even bruised, are strong circumstances in support of its contention. If there was no suicidal purpose and Jones was walking along the middle of the track it can hardly be said that he was exercising due care for his own safety. Assuming that this was the case, it would appear that the instinct of self-preservation did not lead him to be careful. We all know that there are many who are inattentive, careless and reckless, as well as those who are prudent and careful, and we know equally well that the instinct for self-preservation does not keep some from doing careless acts or getting into dangerous places. If Jones took the risk of walking on the track, reckless of the great danger incurred, it was a clear case of want of care, and such negligence necessarily preceded the instinct to save himself which we may infer actuated him when he was finally aroused to his danger. In either event the question of contributory

negligence was in the case, and the court should have charged the jury on that defense and as to the scope of the presumption.   The arbitrary and' unqualified instruction that the jury might presume, from the instinct of self-preservation, that due care and diligence had been exercised by Jones and that he did not have a suicidal intent, notwithstanding the testimony tending to show that his death resulted from his own act, is error.   (4 Wigmore on Evidence, § 2487; 29 Cyc. 590; Note, 33 L. R. A., n. s., 1110.)

There is also reason to complain of instruction eight, which made the appellant liable if Jones was upon the track "or in close proximity thereto" and the motorman could have seen him but negligently ran over him.   What is meant by the clause "in close proximity" should have been definitely stated.

For the errors mentioned the judgment will be reversed and the cause remanded for a new trial.