No. 44,733

JOHN E. JACOBSON, *Appellant, v.* FORD MOTOR COMPANY, *Appellee.*

(427 P. 2d 621)

Opinion filed May 13, 1967.

*Arthur E. Palmer,* of Topeka, argued the cause, and *Marlin S. Casey, Ernest J. Rice, Murray F. Hardesty, Glenn D. Cogswell, Gerald L. Goodell, Wayne T. Stratton, Robert E. Edmonds, Thomas E. Wright,* and *Roger R. Viets,* all of Topeka, were with him on the brief for the appellant.

*Charles S. Fisher, Jr.,* of Topeka, argued the cause, and *O. B. Eidson, Phillip H. Lewis, James W. Porter, Peter F. Caldwell, William G. Haynes, Roscoe E. Long, R. Austin Nothern,* and *Brock R. Snyder,* all of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is a damage action for personal injuries wherein the defendant Ford Motor Company won a jury verdict.

On August 7, 1959, the appellant-plaintiff purchased a new 1959 Ford automobile from Mosby-Mack Motor Company, Incorporated, Ford dealer at Topeka. On March 3, 1961, as he was driving the vehicle east on East Eighth street in that city approaching the tracks of the Atchison, Topeka, and Santa Fe Railway Company, he saw a train crossing the street; he applied the brakes on the vehicle but the brakes failed and he ran into a crossing signal control approximately six feet from the tracks. Plaintiff was dazed by the collision, he got out of his automobile and in some manner either walked into or was sucked under the passing train with consequent loss of both legs.

As a result plaintiff filed his petition for damages, which petition has been amended by the filing of a new petition three separate times, each with a different set of attorneys.

The first petition was filed December 13, 1962. It named as defendants the Santa Fe, the Ford Motor Company, Mosby-Mack and Noller Motors, Incorporated, successor to Mosby-Mack. For

our purpose here we need not detail the particular allegations except to say generally the petition purported to state causes of action based upon certain grounds of negligence, including *res ipsa loquitur,* and breach of express and implied warranties.

The second petition, filed October 29, 1963, was similarly framed except, for reasons which do not appear in the record, the Santa Fe was omitted as a party defendant. An answer to this petition was filed, and then a supplemental answer which revealed that on March 4, 1965, for a named consideration, plaintiff settled his claim against defendants Mosby-Mack and Noller and executed and delivered to them a covenant not to sue.

The next petition was filed July 12, 1965, against the defendant-appellee Ford Motor alone, again on similar grounds.

The fourth and final petition, filed December 27, 1965, was a notice type pleading permissible under our present procedural code. After alleging the circumstances of the crossing incident, it again alleged two causes of action: The first simply stated that plaintiff's damages were the result of defendant's negligence without specifying any particular acts or omissions constituting the alleged negligence; the second stated that defendant expressly and impliedly warranted the automobile to be free from defects and safe to operate, and that plaintiff, relying on the warranties, was injured as a result of breach thereof, in that the defective brake action on the automobile was caused by improper design and construction of the brake pedal assembly.

Issues were joined on this latter petition and jury trial had. Prior to the filing of the last petition there had been certain pretrial proceedings into which, under the view we take of the controlling question, we need not delve.

The trial court denied certain of plaintiff's requested instructions based upon implied warranty and submitted the case to the jury upon negligence. The specific ground of negligence upon which the case was submitted in the court's instructions was that a certain Marsden nut on the brake pedal assembly was not properly designed or assembled to make it effective for its intended use.

At this point, to avoid possible misunderstanding, it should be stated there was and is no contention of derivative liability in tort on the part of Ford Motor based on any acts of Mosby-Mack or Noller or the latter's employees in handling or servicing the vehicle, and the trial court so ruled.

The jury returned a general verdict for the defendant and answered a written interrogatory submitted to it as follows:

"1. Was the brake assembly of plaintiff's 1959 Ford Automobile in a defective condition as charged by plaintiff at the time the defendant Ford Motor Company released it to its dealer for sale?

"Answer: Insufficient evidence that it was defective."

Plaintiff has appealed from the trial court's entry of judgment against him on the general verdict and from the order overruling his motion for new trial. His points upon appeal are that the trial court erred in refusing to permit him to offer evidence on the theory defendant breached its implied warranty of fitness and in failing to instruct the jury on the issue of implied warranty.

The evidence offered before the jury has not been placed in the record and the record is not clear as to why or what evidence was excluded. Change of counsel and theories during the protracted course of the litigation has doubtless contributed to the lack of coherence. Contentions by plaintiff that evidence based upon implied warranty was excluded by reason of pretrial rulings, made before present counsel for plaintiff were in the case, are vigorously disputed by defendant. We cannot be sure whether such evidence was excluded by formal pretrial rulings, by informal rulings made during trial or, as intimated by defendant, by voluntary abandonment by plaintiff. Defendant also argues plaintiff is in no position to complain that evidence was erroneously excluded or that certain instructions were not given because the record contains no evidence or testimony and there is nothing to show what evidence was excluded or that the requested instructions were justified.

Under the view we take we need not pursue this approach by either party as we consider another factor—the answer to the written interrogatory—determinative of the lawsuit.

As indicated, plaintiff's complaint essentially is he has been deprived of opportunity of recovery based on implied warranty of fitness. He principally cites and relies on *B. F. Goodrich Company v. Hammond,* 269 F. 2d 501 (10th Cir., Kan.), cited with approval by this court in *Rupp v. Norton Coca-Cola Bottling Co.,* 187 Kan. 390, 357 P. 2d 802, and on *Henningsen v. Bloomfield Motors, Inc.,* 32 N. J. 358, 161 A. 2d 69, recently cited approvingly in *Steele v. J. I. Case Co.,* 197 Kan. 554, 419 P. 2d 902, an action for breach of express warranty where full consequential or special damages were permitted to be recovered. In all of these cases, and in numerous

others which could be cited where recovery for breach of warranty was allowed, the trier of the fact found a defective condition in the manufactured product.

Procedural difficulties aside, on any theory of liability a prerequisite to recovery against a manufacturer is that there be a defect in the product or instrumentality. Regardless of the ground of liability asserted, before a plaintiff can recover damages from a manufacturer, he must show the product was defective or harmful. This is essential. If the plaintiff cannot do so he has no cause of action on any theory. As stated in *Manzoni v. Detroit Coca-Cola Bottling Company*, 363 Mich. 235, 109 N. W. 2d 918, wherein actions in tort and on implied warranty were discussed:

". . . whether the theory employed is that of warranty or negligence, it must be shown in an action against the manufacturer, that the offensive condition was present when the product left the defendant's control." (p. 241.)

The very basis for holding a manufacturer responsible for breach of implied warranty is that he has released a defective item on the market. Here after a four day trial the jury found no such defect was shown.

Plaintiff argues the interrogatory was limited to condition of the automobile when it was released to Ford's dealer and did not go to the time it reached the ultimate purchaser. The distinction argued is of no consequence where, as here, it is charged the manufacturer created a defect of continuing nature.

The case went to the jury on the negligence charge based on defective design and construction of the brake pedal assembly. The jury determined the assembly was not shown to be defective. We do not have the evidence before us upon which that determination was made. The record does reveal the car was one year and seven months old at the time of plaintiff's injury, it had been driven 31,000 miles, and about a month prior to the crossing incident it had been involved in an accident in which it pushed over a brick retaining wall. Moreover, during much of the litigation plaintiff contended improper servicing on the part of the two dealers had caused the defect.

Plaintiff argues the proof is necessarily different in a negligence case from that in a breach of warranty action. This may be conceded except, under the circumstances of this particular case, insofar as the requisite defective or harmful condition was concerned it was essentially the same. Design and construction of the

brake assembly were the targets of both causes of action. Plaintiff does not suggest what other or further evidence he might have offered or could offer. Evidently at trial, in view of his requested instruction upon breach of implied warranty, plaintiff believed his evidence sufficient to go to the jury upon that basis. In any event, plaintiff has had fair opportunity to show the alleged defective condition of the automobile, attributable to defendant, and on that essential issue has failed. This should end the litigation regardless of other contentions urged why another trial should be had.

By reason of the negative finding in the jury's answer to the interrogatory, upon appellate review the trial court's judgment must be and is affirmed.

APPRROVED BY THE COURT.