Gerald L. **FRASE**, in the capacity of Administrator of the Estates of Julia M. Teer and Lacey E. Teer, Decedents, et al., Plaintiff-Appellee,

v.

W. F. **HENRY**, Administrator of the Estates of Paul. L. Findley and Lenna F. Findley, Decedents, Defendant-Appellant.

No. 478–70.

United States Court of Appeals, Tenth Circuit.

June 21, 1971.

Lee Turner and Thos. C. Kelley, Great Bend, Kan. (Lawrence E. Condit, Great Bend, Kan., on the brief), for appellant.

John C. Frank, Wichita, Kan. (Bryson E. Mills, Wichita, Kan., on the brief), for appellee.

Before HILL, JONES* and Mc-WILLIAMS, United States Circuit Judges.

HILL, Circuit Judge.

Plaintiff-Appellee, Frase, is the administrator of the estate of Lacey E. Teer and Julia M. Teer. Defendant-Appellant, Henry, is the administrator of the estate of Paul L. Findley and Lenna A. Findley. Appellee filed a wrongful death and survival action against appellant in the United States District Court of Kansas. Jurisdiction was founded upon diversity of citizenship. A jury returned a general verdict in the sum of $62,500 for appellee.

Appellee's wrongful death action devolved out of an auto collision between appellee's deceased (Teer) and appellant's deceased (Findley). The occupants of both vehicles died in the accident or shortly thereafter, and there were no known eyewitnesses to the collision. Carl Rempe, the state highway patrolman who investigated the accident, testified, and it was his testimony which provided most of the evidence concerning the accident.

On September 4, 1967, Teer and his wife were proceeding west on U. S. Highway 36. Approximately 12 miles west of Phillipsburg, Kansas, U. S. 36 is intersected by a north-south county road known as Long Island Road. At the north approach to U. S. 36 from the county road there was a stop sign for southbound county road traffic entering or crossing U. S. 36. The Findley vehicle was proceeding south on the county road toward U. S. 36.

As reconstructed by Rempe, the Teer vehicle was traveling west about 60 miles per hour when the Findley vehicle

* Of the Fifth Circuit, sitting by designation.

entered U. S. 36 from the county road. The Findley auto was in the process of turning left, or east, on U. S. 36 and was moving approximately five miles per hour when the collision occurred. The speed limit on U. S. 36 was 70 miles per hour, and the weather conditions were cloudy. The time of the accident was established at approximately 8:48 a. m., which is the time when the watch on one of the victims stopped. Patrolman Rempe arrived at the accident scene at 9:15 a. m., and according to his testimony, visibility at this time was about one-quarter of a mile.

Patrolman Rempe, as a witness for the plaintiff, was accepted as an expert witness by both parties and was allowed to testify in the form of opinions concerning various aspects of the collision. Important to this appeal is his testimony on direct examination in response to the question: Who did you find at fault in this accident? Rempe replied, "Vehicle Number 2, the Findley car, failed to yield the right-of-way for Vehicle Number 1, the Teer car." [1]

Appellant strenuously urges that this line of testimony was inadmissible for the reason that it constituted an opinion on the ultimate fact in issue and thereby usurped the function of the jury. While recognizing the liberal Kansas rule allowing expert opinion embracing the ultimate issue, appellant contends that there must be some necessity for introducing such an opinion. Appellant concludes that in negligence cases, juries are fully capable of ascertaining fault and have no need for an expert to help them make this assessment.

"Under Rule 43 of the Federal Rules of Civil Procedure the federal courts will admit evidence if it is proper under the rules of evidence applied in courts of general jurisdiction in the state in which the trial court sits." [2] The Kansas rule concerning the admissibility of expert opinions is embodied in K.S.A. §

---

1. The context of the question and answer is important for a full appreciation of the issue on appeal:

   THE COURT: While they are doing that, ladies and gentlemen of the jury, I told you I would instruct you about expert witnesses. I think I would just do it now. I will do it again.

   Let me say to you that when testimony is received by what has been denoted as experts, that is, a person who has been stipulated to be an expert, or who, by experience or training professes knowledge on matters not common to mankind in general, the law permits such a witness to give his opinions regarding such matters. Now, the testimony of an expert is to be considered like any other testimony and is to be tried by the same tests and should receive such weight and credit as the jury think it is entitled to, when viewed in connection with all other facts and circumstances, and when a witness testifies as to a determination or a conclusion, then of course, a jury may consider the facts upon which he bases that conclusion as to the credibility they will give to the expert.

   This is what we mean by "expert testimony". You can bear it in mind.

   Proceed, Mr. Frank.

   Q. (By Mr. Frank) Trooper Rempe, based upon your training and experience in automobile investigation, you made the findings that appear on the Kansas Highway Patrol accident report?
   A. Yes, sir.
   Q. And in your investigation of this accident with that experience and training, did you make a finding as to the cause of the accident?
   [Objection interposed and denied.]
   Q. (By Mr. Frank) Yes, based upon your experience and training as a highway trooper and based upon the investigation you made of this accident, you made a finding which you reported to the Kansas Highway Patrol in the accident report as to who was at fault in this accident?
   A. Yes, sir, contributing circumstances.
   Q. All right.
   [Objection interposed and denied.]
   Q. Who did you find at fault in this accident?
   A. Vehicle Number 2, the Findley car, failed to yield the right-of-way for Vehicle Number 1, the Teer car.

2. Worden v. Tri-State Insurance Co., 347 F.2d 336, 340 (10th Cir. 1965).

60–456(b).[3] The statute further provides, "Testimony in the form of opinions or inferences otherwise admissible under this article is not objectionable because it embraces the ultimate issue or issues to be decided by the trier of the fact." K.S.A. § 60–456(d). The statute by its terms would appear to make Patrolman Rempe's testimony admissible.

While an expert witness may opine on the ultimate issue, he may do so only insofar as the witness aids the jury in the interpretation of technical facts or to assist in understanding the material in evidence.[4] When the normal experiences and qualifications of laymen jurors are sufficient for them to draw a proper conclusion from given facts and circumstances, an expert witness is not necessary and is improper.[5] Moreover, it is clearly not the function of an expert to state unadorned legal conclusions,[6] and the Uniform Rules of Evidence, Rule 56(4) upon which K.S.A. § 60–456 is based does not lower the bars so as to admit such testimony. That is, there still exists assurances against admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day.[7] In sum, an expert's opinion in a proper case is admissible up to the point where an expression of opinion would require the expert to pass upon the weight or credibility of the evidence.[8]

These fundamental principles have been discussed at length because the patrolman's testimony in the instant case comes perilously close to telling the jury what result should be reached. Patrolman Rempe was asked: Who was at fault? Had the witness simply replied that appellee's deceased or appellant's deceased was at fault, we would be constrained to consider this testimony as within the category of inadmissible conclusions in the nature of what has been discussed above, e. g., Gardner v. Pereboom, 197 Kan. 188, 416 P.2d 67 (1966); Nave v. Hixenbaugh, 180 Kan. 370, 304 P.2d 482 (Kan.1957). However, Rempe did not respond to the question in that manner; instead, he replied that from his investigation, which he detailed at trial, he reasoned that the Findley car failed to yield the right-of-way. In our view, this answer was admissible because it was an aid to the jury insofar as it synthesized the foregoing facts which the jurors unaided could not have synthesized for themselves.[9] In the final analysis, the form of the answer, together with the trial judge's cautionary instruction, convinces us that the jury was not prevailed upon to abdicate its function or responsibility for reaching an independent judgment on the ultimate issues of negligence and contributory negligence. Indeed, the jury was left free to knowledgeably weigh the evidence, credit the witnesses in its wisdom, and finally arrive at its own verdict.

We pass on to the other question on appeal, whether it was prejudicial error to allow two witnesses for appellee to testify that appellee's deceased was a good driver. Witness Mrs. Bodge testi-

---

3. "If the witness is testifying as an expert, testimony of the witness in the form of opinions or inferences is limited to such opinions as the judge finds are (1) based on facts or data perceived by or personally known or made known to the witness at the hearing and (2) within the scope of the special knowledge, skill, experience or training possessed by the witness."

4. Trimble v. Coleman Co., 200 Kan. 350, 437 P.2d 219 (1968).

5. Gardner v. Pereboom, 197 Kan. 188, 416 P.2d 67 (1966).

6. See Nave v. Hixenbaugh, 180 Kan. 370, 304 P.2d 482 (1957).

7. See Advisory Committee's Note to Rule 704, Proposed Rules of Evidence for the United States Courts and Magistrates (March, 1971), reported in 51 F.R.D. 315.

8. Atkins v. Bayer, 204 Kan. 509, 464 P.2d 233 (1970); see Jones on Evidence, 5th ed., §§ 417, 418.

9. Cf. Hildebrand v. Mueller, 202 Kan. 506, 449 P.2d 587 (1969).

fied that she had ridden with appellee's deceased and she thought he was a good driver who did not drive over the speed limit but usually drove five miles per hour under the limit. Witness Frase also testified that appellee's deceased was a good driver, cautious, obeyed the rules of the road, and in the recollection of the witness never drove over 60 miles per hour. The issue posed by the parties is whether the testimony was inadmissible under K.S.A. § 60–448 which excludes evidence of a trait of a person's character with respect to care or skill, or whether the testimony was admissible under K.S.A. § 60–449, which allows testimony of a habit or custom.

▆ "Character" is a generalized description of one's disposition in respect to a general trait such as honesty, temperance, or carefulness, while "habit" is more specific. The latter designates a regular practice of meeting a particular kind of situation with a certain type of conduct, or a reflex behavior in a specific set of circumstances.[10] Evidence of habit or custom is relevant to an issue of behavior on a specific occasion because it tends to prove that the behavior on such occasion conformed to the habit or custom.[11]

▆ While the distinction between trait of character and habit or custom is easy in statement, it is more difficult in application. The difficulty is not lessened by reference to Kansas cases since there are no Kansas cases construing the pertinent statutes. Certain things are abundantly clear though. Obviously had the testimony been merely that the deceased was a careful, cautious man, it would not have been admissible because such testimony is not specific enough to tend to prove that the deceased was careful in a specific instance in specific circumstances.[12] However, testimony re-

garding the deceased's care in driving, his practice of driving under the speed limit, and his regard to the rules of the road is testimony which devolved into specific aspects of the deceased's conduct. Such testimony showed more than a general disposition to be careful and showed a regular practice of meeting a particular kind of situation with a specific type of conduct. The testimony is all the more cogent because of the lack of an eyewitness account of what transpired that morning on U. S. 36.

 In view of the trial judge's wide discretion in receiving evidence, and since in the absence of state rulings a trial judge's view is highly persuasive as to what the law of the State of Kansas is or would be,[13] we are not convinced that the reception of the evidence was erroneous under § 60–448.

Affirmed.

---

10. McCormick on Evidence, § 162, pp. 340–341 (1954).

11. Williams v. Union Pacific Railroad Co., 204 Kan. 772, 465 P.2d 975 (1970).

12. *See* Notes and Comments to §§ 60–448, 449, 450, Vernon's Kansas Code of Civil Procedure, Fowks, Harvey and Thomas.

13. Worden v. Tri-State Insurance Co., *supra.*