(48 P.3d 5)

No. 86,429

DOUGLAS DIEKER and THOMAS DIEKER, *Appellees*, v. CASE CORPORATION, *Appellant*.

Opinion filed June 14, 2002.

*Heather S. Woodson*, of Stinson, Mag & Fizzell, P.C., of Leawood, and *Mark M. Iba*, of the same firm, of Kansas City, Missouri, for appellant.

*Blake Hudson*, of Hudson & Mullies, L.L.C., of Fort Scott, for appellees.

Before ELLIOTT, P.J., GREEN, J., and PADDOCK, S.J.

ELLIOTT, J.: In this "battle of experts" revolving around the cause of a combine fire, defendant Case Corporation (Case) appeals the judgment, following a jury trial, in favor of Douglas and Thomas Dieker, plaintiffs, on their claim Case breached the implied warranty of merchantability.

We reverse.

Plaintiffs purchased a Case combine from an independent dealer of Case products in the fall of 1998; a month later, the combine caught fire and burned while plaintiffs were harvesting soybeans. After the fire, plaintiffs found a trail of oil about a quarter of a mile long from where the combine stopped.

Farm Bureau Insurance reimbursed plaintiffs for the loss of the combine except for plaintiff's $100 deductible obligation, and Farm Bureau was subrogated to plaintiffs' claims. Plaintiffs sued Case on

numerous theories, but at trial only the breach of implied warranty claim was submitted to the jury, which awarded plaintiffs some $96,000 in damages. The trial court denied Case's renewed motion for judgment as a matter of law or, in the alternative, new trial.

Case contends the trial court erred in allowing plaintiffs' expert witness, Jay Pfeiffer, to testify concerning the cause of the fire because, Case claims, Pfeiffer was not qualified to testify as to the opinions stated. Our review is for abuse of discretion. *Hurlbut v. Conoco, Inc.*, 253 Kan. 515, 527, 856 P.2d 1313 (1993).

For a witness to testify as an expert on a given subject, he or she must have skill or experience in the area to which the subject relates. *Choo-E-Flakes, Inc. v. Good*, 224 Kan. 417, 419, 580 P.2d 888 (1978). The test of an expert's competency is whether he or she discloses sufficient knowledge to entitle his or her opinion to go to the jury. *Hurlbut*, 253 Kan. at 527. In deciding whether to admit the expert's opinion testimony, the trial court is to consider the education, training, experience, and knowledge of the witness. K.S.A. 60-456(b); *Nunez v. Wilson*, 211 Kan. 443, 445, 507 P.2d 329 (1973).

Pfeiffer testified the cause of the fire was due to a small leak of hydraulic fluid, which caused field debris to stick and accumulate in the area of the combine's transmission system. In turn, as the field debris continued to accumulate, heat from nearby components was unable to properly dissipate and, in fact, built up until the heat reached a level sufficient to cause the oil-soaked field debris to ignite. Pfeiffer further testified that although he did not know the temperature at which hydraulic fluid soaked field debris would ignite and did not know the operating temperatures of the nearby components, such was irrelevant because the fire did, in fact, occur.

Case does not seem to question Pfeiffer's basic credentials as a licensed mechanical engineer and seems not to question his experience in giving opinions as to the cause of mechanically caused fires. What Case *does* argue is that the trial court erred in allowing Pfeiffer to further testify the accumulation of hydraulic fluid soaked field debris caused a heat build-up to the point of ignition. Case contends Pfeiffer was simply not qualified to go that far. We agree.

We can find no testimony in the record whatsoever that Pfeiffer possessed the education, training, knowledge, and experience required to express an opinion the conditions he described could cause the fire here involved. On this crucial point, Pfeiffer merely opined that is what must have happened because there was a leak of hydraulic fluid and the fire started in that area.

It is unquestioned that Pfeiffer was well qualified to express an opinion that a mechanical problem led to a hydraulic fluid leak. But it is entirely outside his expertise to opine that hydraulic fluid soaked field debris could ignite from built-up heat from that debris. Pfeiffer's testimony disclosed no specialized knowledge, training, or experience that would lend itself to giving the opinion he gave.

Pfeiffer's conclusion the conditions he described must have caused the fire because a fire did, in fact, occur is based on a logical fallacy and demonstrates his lack of proper credentials to give the opinion: There is still no showing the hydraulic fluid soaked debris caused a heat build-up sufficient to cause ignition. Pfeiffer admitted he did not know the temperature at which hydraulic fluid soaked field debris would ignite and did not know the operating temperatures of the nearby mechanical components of the combine.

The fact certain conditions existed and the fact a fire occurred is not evidence the conditions *caused* the fire. Such is no more than a post hoc, ergo, propter hoc opinion—after this, therefore, on account of it; fallacious reasoning. See *State v. Fisher*, 140 Kan. 511, 518, 38 P.2d 115 (1934); Black's Law Dictionary 1186 (7th ed. 1999).

The present case is somewhat similar to *Trimble, Administrator v. Coleman Co.*, 200 Kan. 350, 437 P.2d 219 (1968). There, the trial court refused to admit the opinion testimony of plaintiff's expert, even though defendant raised no questions as to the expert's general expertise. Having examined a photograph of the gas heating stove and a pamphlet of general operating instructions, the expert was familiar with the stove in question and with similar types of stoves.

The expert opined that a gas heating stove, if properly manufactured, properly assembled, properly installed, and properly ad-

justed, should not generate carbon monoxide gas. And assuming the stove in question did produce carbon monoxide gas after being carefully installed and adjusted, the expert was of the opinion the manufacture of the gas stove "was defective somewhere." 200 Kan. at 354.

The trial court rejected the testimony because the opinions stated were based on speculation and conjecture, and the Supreme Court affirmed the ruling. 200 Kan. at 357. It is not enough for the expert to assert opinions based on facts not known or presented. See 200 Kan. at 357. The mere fact an injury occurs is not sufficient to establish liability. 200 Kan. at 359. So, too, in the instant case, since Pfeiffer was unaware of the temperature at which hydraulic fluid soaked debris would ignite and was unaware of the operating temperatures of the nearby components he stated were the source of the heat build-up, his opinion was based on speculation and conjecture lacking probative value and should have been rejected. See *State v. Duncan*, 221 Kan. 714, Syl. ¶ 6, 562 P.2d 84 (1977). Neither courts nor juries—nor expert witnesses—are permitted to roam unfenced fields of speculation and conjecture. See *Casement v. Gearhart*, 189 Kan. 442, 445, 370 P.2d 95 (1962); *State v. Ameen*, 27 Kan. App. 2d 181, 184, 1 P.3d 330 (2000).

Further, Pfeiffer's testimony was the only evidence offered with respect to hydraulic fluid soaked field debris causing a heat build-up and ignition of that debris. Simply put, without Pfeiffer's testimony, plaintiffs did not have a submissible case. We must conclude, therefore, the erroneous admission of Pfeiffer's opinion testimony had a substantial influence on the outcome of this litigation. See 1 Gard & Casad, Kansas C. Civ. Pro. 3d Annot. § 60-261 (1997).

Accordingly, we reverse the judgment of the trial court and remand with directions to enter judgment as a matter of law in favor of Case.

We need not address Case's real-party-in-interest argument, although we note the exception sought by Case is not supported by current case law. See *Fidelity & Deposit Co. of Maryland v. Shaw-*

*nee State Bank*, 13 Kan. App. 2d 182, Syl. ¶¶ 1-3, 766 P.2d 191 (1988).

Reversed and remanded with directions to enter judgment as a matter of law in favor of Case.