## MISSOURI STATE LIFE INSURANCE CO. v. EVERETT.

No. 22856. Jan. 23, 1934.

Rehearing Denied Feb. 20, 1934.

Joseph C. Stone, Charles A. Moon, Francis Stewart, and J. R. Burcham, for plaintiff in error.

R. M. Mountcastle and Kelly Brown, for defendant in error.

CULLISON, V. C. J. Nona Elsie Everett, as plaintiff, filed suit against the Missouri State Life Insurance Company seeking to recover upon an accident policy executed by defendant company covering the life of her husband, William T. Everett. Everett died April 4, 1929, and upon defendant's failure to pay said policy plaintiff filed the suit at bar, basing the same upon the insurance policy issued by defendant. Defendant answered by general denial, and further alleged that William T. Everett did not come to his death through violent and accidental means so as to bring the same within the terms and condition of said policy, but that the deceased died from the effect of a disease.

This presented the issue of whether or not the cause of deceased's death was such as to bring it within the terms and conditions of the policy. Upon the trial of said case the jury found in favor of plaintiff, and from a judgment rendered thereon defendant appeals. Defendant's first assignment of error is, briefly, "The court erred in refusing to sustain the demurrer to the evidence."

In our consideration of this question it is necessary to narrate the material events as brought out in the plaintiff's evidence. The record discloses that the deceased left his home in Muskogee on the date of the injury; rode on one of the M. K. & T. trains to Vinita, Oklahoma; left the train at Vinita; deposited his luggage in the depot, and started walking upon the depot platform, when he fell backward striking the back of his head on the station platform and inflicting a scalp wound. Deceased also suffered hemorrhage of the brain.

The accident happened in the morning and deceased died at 7:15 in the evening of the same day. The question as to the cause of the death of Everett was a technical question. At the trial of said cause plaintiff introduced experts who testified that Everett died from a hemorrhage in the brain caused by the fall on the brick walk. Defendant introduced expert witnesses who testified that in their opinion Everett died from apoplexy. There was a direct conflict in the testimony of the doctors testifying for the plaintiff and the doctors testifying for defendant. It is evident that either the doctors testifying for plaintiff or the doctors testifying for defendant were incorrect in their diagnosis as to the cause of Everett's death, and the matter of which theory or set of facts was to be believed by the jury was within the province of the jury.

Defendant further contends that the demurrer should have been sustained because of the failure of plaintiff to furnish proof required by the policy and as alleged in her petition.

The record discloses that the deceased had two policies with defendant company, one a life insurance policy and the other the accident policy under consideration. Within a day after the death of the insured plaintiff delivered the two policies to the representative of defendant company, and notice was given to the company of the death of the insured. The record further discloses that proof of death was furnished and that said proof was sufficient to satisfy defend-

ant, because the life insurance policy was paid within a few days after the death of the insured, but no favorable action was given on the accident policy. The giving of said proof was a sufficient compliance with the terms and conditions of the policy. Should defendant have desired further information, it was incumbent upon it to request the same, and the record does not disclose that it requested further information in regard to said death.

We consider that the evidence just enumerated was sufficient to justify the trial court in overruling defendant's demurrer to the evidence, and that the trial court committed no error in its decision thereon. King Auto Service v. Hodges, 143 Okla. 260, 288 P. 483; Okla. Hospital v. Brown, 87 Okla. 46, 208 P. 785; and Mead v. Chickasha Gas & Electric Co., 137 Okla. 74, 278 P. 286.

Defendant's second contention is that:

"The court erred in refusing to instruct the jury to return a verdict for defendant."

Defendant contends that the proof shows that the death of the deceased was not caused solely and exclusively by accidental means, but that said death was the result of a diseased condition, to wit, apoplexy.

We have outlined rather fully the evidence pertaining to this particular question, and we consider that the evidence of plaintiff was sufficient to sustain the burden of proof on plaintiff and that plaintiff had introduced sufficient competent evidence supporting her theory of the case to justify the court in refusing to instruct a verdict for defendant.

Should the court have instructed a verdict in this case, it would have been error. The ruling of the trial court was proper. T. S. Reed Grocery Co. v. Miller, 36 Okla. 134, 128 P. 271; Gwinnup v. Walton Trust Co., 69 Okla. 319, 172 P. 936.

Defendant's third contention is that:

"The trial court erred in the admission of certain testimony, to wit, testimony of Dr. Ewing."

The particular question under consideration was the testimony of an expert. We have considered the rule in such cases laid down by Wigmore on Evidence:

"The trial judge should be given discretion to determine how far the counsel can and must limit his questions, and how far the jury may be trusted, with the aid of argument, to discover the conditional nature of the opinion." Wigmore on Evidence (2d Ed.) sec. 682.

We have examined the testimony as disclosed by the record, and more particularly that portion referred to by defendant. We do not place the same interpretation thereon as placed by defendant, and we do not believe that the testimony of Dr. Ewing is subject to the criticism advanced by the defendant. In applying the rule just stated to the ruling of the trial court on the question under consideration, we find no reversible error therein.

The defendant's fourth contention is that:

"The court error in refusing to permit the witness Ellis to testify in detail as to the health of the deceased."

Ellis was called as a witness by defendant and testified that he was acquainted with the deceased and testified as to the condition of deceased's health. We have carefully considered the ruling of the trial court in said matter, and hold the court properly ruled on said matter, and that no reversible error was committed therein.

Defendant's last contention is that:

"The court erred in overruling the motion of defendant to make the petition more definite and certain."

In the case of Shunkamolah et al. v. Potter Delco, 131 Okla. 272, 269 P. 270, this court lays down the following rule:

" 'A motion to make more definite and certain is addressed largely to the discretion of the court; and its ruling thereon will not be reversed, except for the abuse of such discretion that results prejudicially to the complaining party.' City of Chickasha v. Looney, 36 Okla. 155, 128 P. 136."

We have carefully considered the question raised in defendant's motion to make the plaintiff's petition more definite and certain, in connection with the allegations in plaintiff's petition. We hold the trial court did not abuse its discretion in overruling said motion.

We have carefully considered this case, and conclude that no reversible error was committed by the trial court. The judgment is therefore affirmed.

RILEY, C. J., and ANDREWS, OSBORN, and BUSBY, JJ., concur.