Clometa Ila LEWIS, Plaintiff in Error,

v.

John W. SCHAFFER, Defendant in Error.

No. 39385.

Supreme Court of Oklahoma.

Feb. 27, 1962.

Rucker, Tabor, Best, Sharp & Shepherd, Joseph M. Best, O. H. "Pat" O'Neal, Tulsa, for plaintiff in error.

Jack Brown, Miami, Pete Farabi, Pittsburg, Kan., for defendant in error.

BERRY, Justice.

In this action defendant in error, hereafter referred to as "plaintiff", seeks to recover damages from plaintiff in error, hereafter referred to as "defendant", which allegedly resulted from defendant's automobile colliding with plaintiff's truck at the intersection of graveled county roads in Ottawa County, Oklahoma.

The jury to whom the case was tried, returned a verdict in plaintiff's favor. From order of the trial court denying defendant's motion for new trial which was directed to judgment on the verdict, defendant perfected this appeal.

The sole issue presented and argued by defendant is that the trial court erred in permitting plaintiff, over defendant's objection, to introduce in evidence an accident report made by a highway patrolman, hereafter referred to as "patrolman", who investigated the collision. The patrolman caused the report to be filed with the Department of Public Safety.

In countering defendant's contention, plaintiff argues that the report was based upon physical facts and not upon hearsay; that portions of an "accident report made by police officer from his personal knowledge may be used to refresh officer's recollection if he is called as a witness, or may be put in evidence as an exhibit as a record of officer's past recollection, if proper foundation is laid and matters stated in report are material to any disputed issue"; that any error in admitting the testimony or report of the patrolman was "cured by cross-examination of the (patrolman) without reservation on the matters objected to"; that the matter set forth in the report constituted cumulative evidence and for said reason admission of the report in evidence was harmless error.

The allegations of the pleadings and the evidence bearing upon the issue before us can be summarized thusly:

In his petition, plaintiff alleged numerous acts of negligence on the part of defendant. Among said acts were defendant's failure to exercise ordinary and reasonable care in operating her automobile and in failing to yield the right-of-way.

In her answer, defendant alleged numerous acts of negligence on the part of plaintiff. Among said acts were plaintiff's failure to keep a proper lookout; failure to maintain control of his truck and failure to yield the right-of-way.

It is undisputed that plaintiff approached the intersection from the south and that defendant approached same from the west; that the collision occurred during day-light hours; that the roads, neither of which was protected by stop signs nor signal lights, were dry and dusty; that a growth of weeds and trees to the southwest of the intersection prevented plaintiff and defendant from seeing each other's vehicles until same were near the intersection; that de-

fendant's automobile laid down 54 feet of "skid marks"; that the tires on plaintiff's truck left no skid marks; that the front portion of defendant's automobile struck the left front portion of plaintiff's truck near the center of the intersection; that the patrolman qualified as an expert witness; that he did not witness the accident.

Plaintiff testified that he was traveling 40 miles per hour as he approached the intersection; that at a point approximately 300 feet south of the intersection he saw dust arising about 1200 feet west of the intersection; that he removed his foot from the accelerator, applied his brakes lightly and reduced his speed to around 25 miles per hour and was traveling at said speed at point of collision; that while he looked to his left and to his right he did not see plaintiff's automobile until it was approximately 8 feet from his truck. Plaintiff contends that since his truck was to the right of defendant's automobile, the truck had the right-of-way at the intersection.

Defendant testified that she was traveling 30 to 35 miles an hour as she approached the intersection; that she reduced speed and before reaching the intersection, applied the brakes to her automobile; that she was traveling about 20 miles per hour when she applied the brakes; that her vehicle was the first to enter the intersection. Defendant contends that since her automobile entered the intersection prior to plaintiff's truck entering it, she had the right-of-way at the intersection.

Defendant's husband testified that plaintiff stated to him that he was talking to a passenger in the truck and did not see defendant's automobile until the vehicles collided.

In the report that was introduced in evidence the patrolman estimated that the speed of plaintiff's truck before the collision was 40 miles an hour; that defendant failed to yield the right-of-way; that he issued a citation to defendant which charged "Failure to yield to veh. to right". The record shows that defendant, as of date of trial, had not been formally charged with a criminal offense in connection with the collision.

█ It appears that the patrolman's statement as to the speed of the truck before the accident was based largely upon statements made to him by plaintiff and his passenger and not upon physical evidence. It is clear that the patrolman's statement that defendant failed to yield the right-of-way constituted an opinion or conclusion on his part as to the cause of the collision.

In Jackson v. Brown, Okl., 361 P.2d 270, it was stated in the body of the opinion that a traffic officer who has qualified as an expert witness "may give only physical facts disclosed in course of his investigation. He should not be allowed to voice any opinion concerning the cause of the collision. Maben v. Lee, Okl., 260 P.2d 1064."

The second paragraph of the syllabus to the cited case reads as follows:

"In a negligence action growing out of a motor vehicle collision, it was reversible error to admit, over timely objection of the plaintiff, conclusions of investigating officer, that the plaintiff was making an improper turn at the time of the collision."

█ In Kelso et al. v. Independent Tank Co., Okl., 348 P.2d 855, it was stated in the first paragraph of the syllabus that "Where the cause of a motor vehicle collision is within the knowledge and understanding of ordinary persons, it is an ultimate issue for the jury, and it is prejudicial error to admit expert opinion testimony on such issue, over objection of opposing party."

In our opinion, the cause of the collision in controversy was within the knowledge and understanding of an ordinary person.

█ It was pointed out in the last cited case that, contrary to plaintiff's contention, where opinion testimony on an ultimate fact is erroneously admitted over objection of opposing party, opposing party does not waive error by cross-examining the witness who gave such testimony; that fact

**642**

that evidence so erroneously admitted was to some extent cumulative does not relieve the testimony of its prejudicial effect.

In several other cases we have held that the admission in evidence of a report of a highway patrolman in which the cause of an accident is stated or in which statements based upon hearsay are included, constitutes prejudicial error. See Hadley et al. v. Ross, 195 Okl. 89, 154 P.2d 939; Maben v. Lee, Okl., 260 P.2d 1064; Houston v. Pettigrew, Okl., 353 P.2d 489, and cited cases.

■ As a general rule, the fact that a witness has used a memorandum or writing to refresh his memory, does not render same admissible in evidence. See 98 C.J.S. Witness § 363, p. 102, and compare Houston v. Pettigrew, supra.

We are unable to agree with plaintiff's contention that the report represents cumulative evidence and for said reason defendant was not prejudiced by admission of the report in evidence.

■ The prejudicial portions of the report are the conclusions stated therein as to which of the parties had the right-of-way and the statement that a citation had been issued. While the patrolman testified, over defendant's objection, his reason for giving defendant a citation, no other witness gave an opinion on that subject. Therefore, the patrolman's conclusion cannot be said to be cumulative evidence. We add, that under the proof, the conclusion reached by the patrolman was not the only permissible conclusion. Had the jury chosen to believe defendant's testimony that she was operating her automobile in a careful and prudent manner and that it was the first to enter the intersection, the jury could and no doubt would have concluded that defendant had the right-of-way and that the proximate cause of the collision was plaintiff's failure to yield the right-of-way to her.

In pointing out the prejudicial effect of admission of evidence of the purport of that in controversy, it was stated in the body of the opinion of Maben v. Lee, supra, that

"Such testimony, given by a witness occupying an official position, assuredly must have greatly impressed the jury, particularly since the average layman undoubtedly would be inclined to place the stamp of authenticity upon testimony by such an officer. Although true that some of plaintiff's evidence was of a comparable tenor, and admitting that the objectionable evidence may have been cumulative to some extent, we cannot say that erroneous admission thereof was not prejudicial to defendant. Rather, its admission was material, even vital to defendant and the admission thereof was prejudicial. See also Benzel v. Pitchford, 206 Okl. 672, 245 P.2d 1131, and cases therein cited."

For reasons stated, the judgment of the trial court is reversed with directions to grant a new trial.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JACKSON and IRWIN, JJ., concur.