No. 47,051

Lester Ziegler, *Appellant*, v. John W. Crofoot and Western Associates, Inc., a Coporation, *Appellees*.

(516 P. 2d 954)

Opinion filed December 8, 1973.

*Gene E. Schroer,* of Topeka, argued the cause, and *Leo N. Johnson,* of Council Grove, was with him on the brief for the appellant.

*Arthur E. Palmer,* of Goodell, Casey, Briman, Rice & Cogswell, of Topeka, argued the cause, and *Ernest J. Rice,* formerly of the same firm, was with him on the brief for the appellees.

The opinion of the court was delivered by

FROMME, J.: This appeal comes as a result of a two vehicle intersection accident January 17, 1969, on highway K-177 north of Council Grove, Kansas.

The plaintiff, Lester Ziegler, was driving his pickup truck east on a township road and turned south at an intersection onto the highway. The defendant John W. Crofoot was driving south on said highway. The issues involved in the trial were the negligence of defendant by reason of the speed of his vehicle under the dark and foggy conditions then existing, and the contributory negligence of plaintiff by reason of failing to yield the right-of-way to defendant's vehicle. The jury returned a defendants' verdict and plaintiff appeals.

The questions raised relate solely to the admissibility of testimony given on cross-examination by Don Reed, the highway patrolman who investigated the accident and made an accident report. The accident occurred at 6:25 p. m. The patrolman arrived at the scene twelve minutes later. During the trial the patrolman qualified as an expert witness with sixteen years of experience in accident investigation. No question is raised here as to his general qualifications.

On direct examination the patrolman testified concerning the physical facts observed by him during his investigation including measurements as to skidding and location of the vehicles, measurements of the highway and the township road, weather and road surface conditions, identity of the vehicles and statements by the drivers. He testified on direct examination that the physical facts observed were recorded on an accident report prepared by him.

The third page of this report contained a drawing on which he recorded the pertinent measurements at the scene and the routes traveled by the vehicles. Defendant's attorney objected to the introduction of this drawing unless the whole report be admitted in evidence. The objection was overruled and the drawing was admitted in evidence.

The questions raised in this appeal relate to the cross-examination of this witness by defendant's attorney. On the second page of the accident report the patrolman had noted certain circumstances contributing to the accident. The patrolman had indicated by × marks in spaces provided on the form that driver number 1 (the plaintiff) had failed to yield the right-of-way, and as to driver number 2 (the defendant) he indicated there were no actions contributing to the accident. As the cross-examination progressed the patrolman seemed hesitant to give his opinion as to the circumstances which contributed to the accident. Defendant's attorney continued to press his cross-examination by using the second page of the accident report to refresh the patrolman's recollection. That part of the report was not in evidence but it had been previously prepared by the witness in the course of his duties. After the patrolman's recollection was refreshed the following questions were asked, answered and now appear in the record:

"By Mr. Rice: [attorney for defendant]

"Q. Let me ask you one more time, now, Trooper: You have in front of you the same part of your report that I do, don't you (showing Exhibit C to witness for comparison).

"A. (Examining both documents) Yes, sir.

"Q. Let me ask you this question: Based upon your investigation, based upon your experience, based upon your training, and based upon all the factors you found at the scene, that you gleaned from your entire investigation of this accident, both that night, the next day, did you in your report—answer this yes or no—indicate whether you determined there were any contributing actions on Mr. Crofoot's cause, toward this accident?

"A. Yes, I did.

"Mr. Schroer: [attorney for plaintiff] Now, wait a minute; just a minute, just a minute. I object to that question. In the first place, that is not a proper question; there's no foundation laid; he asked him to consider things hearsay, and further, that is not within the realm of reasonable certainty or probability as it's required to be, and—and it means a different thing, the report, than what Mr. Rice is trying to make of it, and it asks him to state a conclusion without foundation.

"The Court: No; overruled. Answer yes or no.

"Mr. Rice: He said yes.

"The Court: Oh—I'm sorry. Did you say yes?

"Witness: Yes.

. . . . . . . . . . . . . .

"By Mr. Rice:

"Q. And what did you indicate as a result of your investigation on your official report insofar as any contributing action on the part of Mr. Crofoot was concerned?

"MR. SCHROER: Same objections.

"THE COURT: All right.

"A. On my report I'm required to indicate 'Contributing circumstances' of one and/or all drivers of vehicles.

"Q. All right.

"A. On Mr. Crofoot's part—on Mr. Crofoot I found that I could indicate 'None',—

.  .  .  .  .  .  .  .  .  .  .  .  .  .

"Q. Now, based upon your experience and your training and your 16 years with the Highway Patrol, and the various accidents you have investigated, and based upon your investigation that night of this accident, and all factors made known to you through your official investigation that night and the next day, did you determine—answer this yes or no—as a result of your investigation, and did you form an opinion, as to whether or not there were any contributing factors on the part of Mr. Ziegler insofar as this accident's concerned? And answer that yes or no.

"A. Yes.

"Q. All right; and what was that?

"MR. SCHROER: Same objections I made earlier.

"THE COURT: All right; overruled.

"A. They show on my report, as I'm required to do, 'Contributing circumstances', and on Mr. Ziegler, who I indicate as being Driver No. 1, I show that he failed to yield the right of way.

"MR. RICE: No further questions."

Basically, plaintiff's contentions are (1) that the patrolman's opinion testimony was not based upon sufficient foundation facts and (2) that said testimony usurped the province of the jury by stating ultimate facts which should have been reserved for the jury's final determination.

The Code of Civil Procedure governs the admissibility of expert and other opinion testimony. In our present case the patrolman testified as an expert. His qualifications in the field of accident investigations were not questioned. Our Kansas Statutes Annotated bearing upon the subject of testimony by an expert are as follows:

"60-456. **Testimony in form of opinion**

"(*a*) [Relates to opinions of non-experts.]

"(*b*) If the witness is testifying as an expert, testimony of the witness in the form of opinions or inferences is limited to such opinions as the judge finds are (1) based on facts or data perceived by or personally known or made known to the witness at the hearing and (2) within the scope of the special knowledge, skill, experience or training possessed by the witness.

"(*c*) Unless the judge excludes the testimony he shall be deemed to have made the finding requisite to its admission.

"(*d*) Testimony in the form of opinions or inferences otherwise admissible

under this article is not objectionable because it embraces the ultimate issue or issues to be decided by the trier of the fact.

"60-457. **Preliminary examination.** The judge may require that a witness before testifying in terms of opinion or inference be first examined concerning the data upon which the opinion or inference is founded.

"60-458. **Hypothesis for expert opinion not necessary.** Questions calling for the opinion of an expert witness need not be hypothetical in form unless the judge in his discretion so requires, but the witness may state his opinion and reasons therefor without first specifying data on which it is based as an hypothesis or otherwise; but upon cross-examination he may be required to specify such data."

The plaintiff argues that under the above statutes there are certain preconditions which must first be established in the evidence before the opinion of the expert may be given. Under (*b*) of 60-456, *supra,* plaintiff argues such opinion testimony must be "based on facts or data perceived by or personally known or made known to the witness". He contends the patrolman must be an eyewitness to perceive what contributed to the cause of the accident.

In *Casey v. Phillips Pipeline Co.,* 199 Kan. 538, 431 P. 2d 518, it is said:

"K. S. A. 60-456 requires that an expert witness base his testimony upon facts personally perceived by or known to him or made known to him at the hearing. 'Perceived' means knowledge acquired through one's own senses (K. S. A. 60-459 [*c*]), and 'made known' refers to facts put in evidence." (Syl. ¶ 1.)

The thrust of plaintiff's argument is that the patrolman was not an eyewitness to the accident and that it therefore became necessary to frame a hypothetical question encompassing all the facts and circumstances surrounding the accident before his opinion might be admitted in evidence. We have held otherwise. See *Hildebrand v. Mueller,* 202 Kan. 506, 509, 449 P. 2d 587; *McElhaney v. Rouse,* 197 Kan. 136, 144, 415 P. 2d 241, and *Staudinger v. Sooner Pipe & Supply Corporation,* 208 Kan. 100, 103, 490 P. 2d 619.

In *Staudinger* based upon K. S. A. 60-457 this court held when an expert is not sufficiently advised of relevant and material matters prerequisite to his testimony on the subject the trial judge may first require him to be further examined concerning data upon which the opinion will be founded. In *Howard v. Stoughton,* 199 Kan. 787, 790, 433 P. 2d 567, in an action to determine injuries to plaintiff resulting from an intersection collision, it was held a hypothetical question including only a portion of the related facts is not

objectionable if the expert witness is presented the facts in some other acceptable manner, as by previous study of the depositions, charts, diagrams and pictures concerning said accident. The qualifications of an expert witness and the admissibility of his testimony are matters within the sound discretion of the trial judge, and unless the judge excludes the testimony he shall be deemed to have made the findings requisite to its admission. (*Taylor v. Maxwell*, 197 Kan. 509, 511, 419 P. 2d 822.) The findings requisite to admission of an expert's opinion are set forth in 60-456 (*b*), *supra*. To be admissible expert opinion testimony should be (1) based on facts or data perceived by or personally known or made known to the witness at the trial and (2) within the scope of the special knowledge, skill, experience or training possessed by the witness.

The plaintiff does not specify what particular foundation facts are lacking and necessary before the opinion of the patrolman could be given as to circumstances contributing to the accident. After the witness had testified on this subject the court properly permitted the attorney for plaintiff to conduct further redirect examination as suggested in 60-458, *supra*. After reading the record we feel relatively certain that whatever foundation facts were previously lacking were fully explored by experienced counsel in the redirect examination and in the recross-examination which followed.

Plaintiff further contends the foundation for the opinion testimony was insufficient because the patrolman was not required to state that his opinion as to contributing circumstances was based on reasonable probabilities. No cases are cited by plaintiff in support of this particular requirement and we know of none. We believe that plaintiff is confusing the requirements generally needed for opinion testimony by a medical expert to establish a proper causal relation between a given accident and a resulting impairment or disability. See *Nunez v. Wilson*, 211 Kan. 443, 447, 448, 507 P. 2d 329. No such requirement applies to the testimony admitted in the present case. An honest expression of professional opinion is all that is required.

An expert testifying as to his investigation of a highway accident should not be permitted to give opinion testimony based on conjecture and speculation (*Staudinger v. Sooner Pipe & Supply Corporation*, supra), but if his testimony amounts to an honest expression of professional opinion that is sufficient to justify its admission if the requirements of K. S. A. 60-456 (*b*) are otherwise met.

Plaintiff's final contention relates to his claim that the witness was permitted to testify as to an ultimate fact and thereby usurped the province of the jury. There was a period of time in the past when this problem harassed the courts for many years. When an expert's opinion involved the same issue which the jury was to decide an objection was commonly urged that the question invaded the province of the jury. Therefore, to get around this objection it was customary to ask questions of the expert in the form of mythical inquiry as to what his opinion would be in an analogous situation from which the jury could infer that it applied in the same way to the issue in the case being tried. In a round about way the jury became informed of the expert's opinion as applied to the particular case. This practice and the changes in this area are discussed in 40 Minn. Law Review 437, Ladd, Expert and Other Opinion Testimony.

Even prior to the advent of our present Code of Civil Procedure the practice was changed in Kansas. Questions calling for the opinion of an expert witness need not be expressed in the form of a mythical inquiry, hypothetical in form, unless the judge in his discretion so requires. The expert witness may state his opinion and reasons therefor without first specifying all data on which the opinion is based but upon cross-examination he may be required to specify all such basic data. (See K. S. A. 60-458.) When an expert witness is not testifying from personal knowledge or personal examination of the subject of inquiry the trial court in its discretion may still require questions in hypothetical form. (*Staudinger v. Sooner Pipe & Supply Corporation*, supra.) The test of competency of an expert witness is whether he discloses sufficient knowledge of the subject of inquiry to entitle his opinion to go to the jury, and the question of the degree of his knowledge goes more to the weight of his testimony than to admissibility. (*Casey v. Phillips Pipeline Co.*, supra, Syl. ¶ 2.)

Under 60-456 (*d*), *supra*, expert testimony in the form of opinions or inferences otherwise admissible is not objectionable because it embraces the ultimate issue or issues to be decided by the trier of fact. (*Atkins v. Bayer*, 204 Kan. 509, Syl. ¶ 1, 464 P. 2d 233; *Noland v. Sears, Roebuck & Co.*, 207 Kan. 72, Syl. ¶ 4, 483 P. 2d 1029.) However, opinion testimony is not without limitations and although an expert witness may be permitted to give an opinion bearing on the ultimate issue he may do so only insofar as the opinion will aid

the jury in the interpretation of technical facts or when it will assist the jury in understanding the material in evidence. (*Staudinger v. Sooner Pipe & Supply Corporation,* supra, Syl. ¶ 6.)

In the case under consideration the opinions requested and given were directed to the actions of the parties, if any, which contributed to cause the accident. We believe the opinion of the expert on this subject would assist the jury in understanding and summarizing the material in the evidence and it was not objectionable.

The appellee relies strongly on the case of *Frase v. Henry,* 444 F. 2d 1228 (1971) where the Tenth Circuit Court of Appeals had a similar question before it. In that case the patrolman was asked *who he found at fault* and he replied that vehicle number 2 failed to yield the right-of-way for vehicle number 1. That court after examining our statutes cautioned that there still exists assurances against admissions of opinions which merely tell the jury what result to reach. It stated that opinions are admissible only up to a point where an expression of opinion would require the expert to pass on the weight or credibility of the evidence. The question together with the unresponsive answer in that case were held not to be such that the jury would be prevailed upon to abdicate its function or responsibility for reaching an independent judgment on the ultimate issues of negligence and contributory negligence. The court said the jury was free to knowledgeably weigh the evidence, credit the wisdom of witnesses and finally arrive at its own verdict.

This court feels that to permit an expert to give his opinion on *who was at fault* in causing an accident is objectionable and should not be permitted. In *Frase* the tenth circuit court recognized that the question and the "patrolman's testimony . . . [came] perilously close to telling the jury what results should be reached." The court permitted the testimony to stand because the patrolman further explained that the fault, if any, was based upon a failure to yield the right-of-way. In addition the court attached significance to the trial judge's cautionary instruction which preserved the ultimate decision for the jury.

In the present case the form of the questions and the answers of the patrolman are not subject to this same objection. The question merely called for the patrolman's conclusion as to what actions of the parties, if any, contributed to the accident. The jury was free to make the ultimate decisions as to fault, negligence or con-

tributory negligence. In an intersection accident if all the requirements of K. S. A. 60-456 are otherwise met an expert may be permitted to give his opinion as to actions and circumstances of the parties, if any, which contributed to the accident.

The judgment is affirmed.

OWSLEY, J., dissenting: I think the majority opinion is a step backward in the unending search for improvement in the administration of justice and I must dissent.

K. S. A. 60-456, as construed by the majority opinion, permits an investigating police officer to testify that at the time he made his report he marked on the report under the title "Contributing Circumstances" that the plaintiff failed to yield the right-of-way. Under the same heading and under the same circumstances he was permitted to testify in reference to the defendant, "None indicated."

No reference was made to such conclusionary statements on direct examination by the plaintiff. Defendant, on cross-examination, after the officer refused to state any opinion as to the cause of the accident, was permitted over objections to submit to the jury what the report disclosed. For many years in this state that part of the report covering an officer's statements as to acts of negligence and cause of an accident were denied admission on the ground they were hearsay and were conclusions. (*Morlan v. Smith*, 191 Kan. 218, 380 P. 2d 312.)

Nothing is said in the statute which can be construed to cover a police officer's written report. The statute is aimed at inferences or opinions expressed by a witness while testifying. The rule stated in *Morlan* has not been affected by K. S. A. 60-456.

Even if the statute applies to a police officer's report, testimony repeating conclusionary statements therein remains inadmissible.

K. S. A. 60-456 (*d*) provides that opinions are not objectionable because they embrace the ultimate issue in a trial if such opinions are "otherwise admissible." The majority fails to consider the phrase, "otherwise admissible", in its construction in the statute. The rules developed by the case law relating to expert opinions and expert testimony are still applicable. The rules stated in the following authorities must still be applied:

"Although an expert witness may not usurp the jury function of weighing the evidence and deciding what the facts are, the question of arriving at a reasonable factual conclusion from the evidence which is believed is quite

another matter. This, too, is a jury function, but in technical or other matters requiring special knowledge, skill, experience, and the like, the jury or the judge trying the case may be quite at sea without the aid of those who understand the mysteries better than they of little or no experience in such matters.

"If it may be said that there still exists a general rule to the effect that a witness may not express his opinion upon an ultimate issue of fact, it is obvious that the extensive relaxation of the rule turns it into what amounts to an expression by the courts of reluctance or reserve in the receipt of even expert opinion which would seem to substitute the witness for the jury or the judge in the final decision. On this basis what would seem to be confusion and conflict may be looked upon as reflecting a trend toward a common sense and not an arbitrary view. This common sense view is to receive the opinion testimony where it appears that the trier of the fact would be assisted rather than impeded in the solution of the ultimate problem." (Gard, Jones on Evidence, Opinion Testimony, §14.28, p. 660.)

"The crucial consideration in determining whether expert testimony should be received is whether '. . . the subject of the inquiry is one of such common knowledge that men of ordinary education could reach a conclusion as intelligently as the witness or whether, on the other hand, the matter is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact.' (*People v. Cole, supra*, 47 Cal. 2d 99, 103; Witkin, California Evidence, [2d ed. 1966] §409 p. 367). . . ." (*Smith v. Lockheed Propulsion Co.*, 247 C. A. 2d 774, 783, 56 Cal. Rptr. 128, 29 A. L. R. 3d 538.)

". . . [M]any courts which state that expert opinion testimony is not admissible to prove an ultimate fact in issue are merely applying the general rule excluding such testimony where there is no necessity for its admission, and in some cases this is demonstrated by the statement of the proposition that expert opinion testimony concerning an ultimate fact in issue should not be admitted unless its admission is demanded by the necessities of the case." (31 Am. Jur. 2d, Expert and Opinion Evidence, § 22, p. 519.)

Relating these rules to the provisions of the statute we should reach the following results in negligence cases:

(1) The opinions of an expert witness on the ultimate issues should be permitted only when necessary to an understanding of his expertise in the subject matter of his testimony.

(2) The testimony and opinions of an expert witness in a scientific field should not be permitted unless they aid the jury in its determination of the ultimate facts.

(3) The testimony of an expert witness in a scientific field should not include his opinion on the ultimate issues when the testimony in his field of expertise permits a jury to determine ultimate issues with equal intelligence to that of the witness.

Applying these rules of law to the facts in this case, I am satisfied the statements made in the officer's report as to the ultimate issues

were inadmissible. In the first place, the opinions of the officer were not essential to the subject of his expert testimony. Furthermore, the jury could have reached an intelligent conclusion on the ultimate issues as readily as could the police officer. In my judgment the testimony of the police officer should have been limited to facts relating to speed, skid marks, position of the cars, contributing weather conditions, contributing road conditions, and like matters. I conclude the trial court erred in permitting the police officer to testify that his report disclosed the specific act of plaintiff's negligence and that it contributed to the accident, and to testify that the report disclosed the defendant was not guilty of any contributing acts of negligence.

FONTRON and PRAGER, J. J., join in the foregoing dissent.