No. 52,932

STATE OF KANSAS, *Appellee*, v. PEARLIE JUNIOR MOORE, *Appellant*.

(639 P.2d 458)

Opinion filed January 15, 1982.

*Laurence R. Hollis,* of Wichita, argued the cause and was on the brief for the appellant.

*Beverly Dempsey,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with her on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Pearlie Junior Moore appeals from a jury conviction of aggravated robbery (K.S.A. 21-3427). Appellant urges error based on (1) a remark of the prosecutor, (2) the refusal to permit expert testimony concerning the credibility of eyewitness identifications of the defendant, and (3) the refusal to grant a new trial.

Appellant was charged and tried jointly with codefendant Louis J. Reynolds. The so-called prejudicial remark of the prosecutor occurred during the cross-examination of the codefendant Reynolds. Reynolds was cross-examined as follows:

"Q. You and Pearlie been friends for a long time, haven't you?
"A. Yes.
"Q. Grew up together?
"A. Yeah.
"Q. Hang out together a lot?
"A. Yeah.
"Q. Okay. You were with him on the 22nd, weren't you?

"A. No, sir.

"Q. Stood lookout at the Kwik Shop that day, didn't you?

"A. No, sir.

"Q. Consider yourself a friend of Pearlie's?

"A. Yes.

"Q. Throughout these proceedings you're quite content to let Pearlie take the heat on this, aren't you?

"MR. HOLLIS: Objection, Your Honor.

"MR. WHITTIER: Object to that —

"MR. HOLLIS: Gracious sakes.

"MR. WHITTIER: Inappropriate.

"THE COURT: Sustained. The jury will disregard the question."

The remark which appellant contends was prejudicial is: "Throughout these proceedings you're quite content to let Pearlie take the heat on this, aren't you?" The real basis for appellant's contention appears to rise from his interpretation of the meaning behind this statement. Although the statement was directed to Reynolds, the appellant considers the statement to be an indirect reference to his (Moore's) failure to take the witness stand.

However, the objections to the question were immediately sustained by the court, and the jury was admonished to disregard the question. Additionally the question was directed toward Reynolds. It does not refer to Moore's failure to testify. It merely indicates that Reynolds could have assumed more responsibility for the crime and thus have assisted Moore in defending against the charge. There was no prejudicial error in the remark so far as Moore was concerned. It was handled properly by the trial court.

The second issue being raised concerns the refusal of the trial court to permit the defendant, an indigent, to obtain expert testimony concerning the weight and credibility which the jurors should attach to testimony regarding eyewitness identification. K.S.A. 60-456 provides:

"(a) If the witness is not testifying as an expert his or her testimony in the form of opinions or inferences is limited to such opinions or inferences as the judge finds (a) may be rationally based on the perception of the witness and (b) are helpful to a clearer understanding of his or her testimony.

"(b) If the witness is testifying as an expert, testimony of the witness in the form of opinions or inferences is limited to such opinions as the judge finds are (1) based on facts or data perceived by or personally known or made known to the witness at the hearing and (2) within the scope of the special knowledge, skill, experience or training possessed by the witness.

. . . .

"(d) Testimony in the form of opinions or inferences otherwise admissible

under this article is not objectionable because it embraces the ultimate issue or issues to be decided by the trier of the fact."

The expert testimony proposed by defendant was general in nature and was not to be based on the specific facts of this case. It was to be obtained and offered to assist the jury in deciding what weight and credibility should be given to testimony of eyewitnesses who identified the defendant at the trial as the person who committed the crime. In *Frase v. Henry,* 444 F.2d 1228 (10th Cir. 1971), it is said:

"[T]here still exists assurances against admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day. In sum, an expert's opinion in a proper case is admissible up to the point where an expression of opinion would require the expert to pass upon the weight or credibility of the evidence." p. 1231.

See also *Atkins v. Bayer,* 204 Kan. 509, 511, 464 P.2d 233 (1970); and 2 Jones on Evidence § 417 (5th ed. 1958).

Although an expert witness may give an opinion on an ultimate issue as provided in K.S.A. 60-456(*d*), such witness may do so only insofar as the witness aids the jury in the interpretation of technical facts or assists the jury in understanding the material in evidence. An expert witness may not pass on the weight or credibility of evidence for those matters are strictly within the province of the jury. *Frase v. Henry,* 444 F.2d 1228; 2 Jones on Evidence § 417.

More specifically, in *State v. Warren,* 230 Kan. 385, 395, 635 P.2d 1236 (1981), this court faced the question of whether to allow expert testimony on eyewitness identification evidence and it concluded:

"After considering these cases and the literature on the subject, we have concluded that requiring trial courts to admit this type of expert evidence is not the answer to the problem."

We hold it is proper to exclude such expert testimony. See also *State v. Reed,* 226 Kan. 519, 601 P.2d 1125 (1979). Since such expert testimony is not admissible, it follows that there can be no error in refusing to authorize a defendant to hire such an expert witness from funds appropriated to aid indigent defendants.

On oral argument it was argued that the trial court should have instructed the jury as to the weight and credibility of eyewitness

identification testimony. No instruction on the subject was requested at trial. K.S.A. 60-251(b) provides:

"No party may assign as error the giving or failure to give an instruction unless he or she objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he or she objects and the grounds of his or her objection unless the instruction is clearly erroneous."

There is no contention any instruction given at the trial was clearly erroneous. Defendant waived any right to a more specific instruction on the subject by failure to object and failure to submit a requested instruction in writing.

The final issue raised by appellant concerns the failure to grant a new trial. The motion was based on appellant's allegations that he was acquainted with one or more of the jurors, having worked with them at Boeing Aircraft. Nothing further is said or shown in the record. The mere allegation in a motion for new trial that defendant was acquainted with one or more of the jurors is not a sufficient basis for granting a new trial. The granting of a motion for new trial lies within the discretion of the trial court, and the motion should not be sustained unless the court is satisfied a different verdict would result if a new trial was had. *State v. Larkin,* 212 Kan. 158, 161, 510 P.2d 123, *cert. denied* 414 U.S. 848 (1973).

The judgment is affirmed.