**Louise B. GABUS, Appellant,**

v.

**Ralph L. HARVEY and Marlin Oil Corporation, Appellees.**

**No. 58171.**

Supreme Court of Oklahoma.

Feb. 14, 1984.

Rehearing Denied April 9, 1984.

As Corrected on Denial of Rehearing April 10, 1984.

Berry & Berry, P.C. by Larry Monard,
Oklahoma City, for appellant.

Calvin W. Hendrickson, Oklahoma City,
for appellees.

SIMMS, Vice Chief Justice:

The question presented in this appeal is
whether the opinion of an investigating of-
ficer, relating the cause of an automobile-
pedestrian accident, is admissible under the
Oklahoma Evidence Code, 12 O.S.1981,
§ 2101, et seq.

Appellant, Louise Gabus, was the plain-
tiff below. She brings this appeal from the
trial court's refusal to grant a mistrial af-
ter the investigating officer of an automo-
bile-pedestrian accident was permitted to
state his opinion that the accident was
caused by appellant's failure to yield the
right of way.

At approximately 6:40 a.m. on October 2,
1979, appellant was struck by a 1977 Cad-
illac driven by Ralph L. Harvey as she
attempted to cross a four-lane street to
reach a bus stop. She brought a negli-
gence action against Harvey and his em-
ployer, Marlin Oil Corporation, to recover
damages for injuries suffered as a result of
the accident. It was stipulated that Har-
vey was acting within the scope of his
employment at the time of the accident.

Much of the evidence introduced by the
parties at trial was conflicting. Both Har-
vey and appellant testified, and each side
also called witnesses who testified as to
what they saw.

Harvey called as a witness C.D. Gilbert,
an officer with the Oklahoma City Police
Department, who was qualified as an ex-
pert without objection. The officer testi-
fied as to his investigation of the accident,
which he had not witnessed. Over the
objection of appellant's counsel, the officer
was allowed to respond to a question posed
by Harvey's counsel as to what caused the
accident to happen. The officer stated
that, in his opinion, the pedestrian had
failed to yield right of way to the moving
car.

Appellant's counsel moved for a mistrial,
asserting that the officer's opinion invaded
the province of the jury because it deter-
mined the ultimate issue of fault. The
motion was overruled, and the trial pro-
ceeded. The jury returned a verdict find-
ing appellant 75% negligent and Harvey
25% negligent.

I.

Appellant asserts that in reaching its
verdict the jury was unduly prejudiced by
the officer's testimony that she had failed
to yield the right of way. She contends
that after the officer had been warned by
the trial court not to state an opinion of
fault, Harvey's counsel improperly pro-
voked the officer's opinion testimony of
same.[1] Harvey counters that the testimo-

1. The pertinent testimony and rulings are as
follows:
"Q. Officer, based upon all of the informa-
tion that you gathered in order to formulate a
report, information for an official report that
you filed, did you also arrive at an opinion
concerning right of way between the vehicle
and the pedestrian?
A. I intend to have an opinion but no physi-
cal evidence, and without that there was no
charges filed.
Q. I'm not asking about that. What is your
opinion as to who yielded or who failed to
yield the right of way?

MR. MONARD: I'm going to object to that.
THE COURT: Sustained as to the form of it.
I'll let—come up here.
(At this time a brief off-the-record discussion
was had outside the hearing of the jury.)
Q. (By Mr. Hendrickson) In your opinion, Offi-
cer—I withdraw the last question. In your
opinion, Officer, how did this accident happen?
What caused the accident to happen?
A. Okay. By the physical evidence and also by
the statements that I had gotten from both driv-
ers, Miss Gabus was crossing the street, whether
she was walking or running, it was undeter-
mined. But she was crossing the street, by her

ny was proper under the Oklahoma Evidence Code, 12 O.S.1981, §§ 2704, 2702, 2403, and that the trial court properly exercised its discretion when it admitted the opinion in evidence.

This Court has not previously ruled on the application of 12 O.S.1981, § 2704 to expert opinion testimony as to the ultimate issue of fault in a negligence case.

Prior to the adoption of the Oklahoma Evidence Code in 1978, Oklahoma had long recognized the common law rule that expert opinion evidence regarding the ultimate fact for the jury's consideration was generally not admissible. An exception to this rule was acknowledged where the conclusion to be drawn from the facts depended upon professional or scientific knowledge, or was so technical that a person of common understanding and experience was unable to evaluate or appreciate the significance of the facts or to draw a proper conclusion from them. See, e.g., *Braggs v. Reese*, Okl., 357 P.2d 997 (1960); *Johnson v. Wade*, Okl., 642 P.2d 255 (1982); decided on facts arising prior to adoption of the new Code.

From a plain reading of § 2704 it is apparent that the admissibility requirements for testimony on the ultimate fact are liberalized under the Code:

"Testimony in the form of an opinion or inference *otherwise admissible* is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." [emphasis added]

So, although opinion testimony is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact, the testimony must be "otherwise admissible" under other rules of evidence.

Section 2704 is identical to Rule 704 of the Federal Rules of Evidence (Title 28, U.S.C.). In its note following Rule 704, the Federal Advisory Committee commented:

"The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be *helpful to the trier of fact,* and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach ..." [emphasis added]

Section 2702 of the Oklahoma Evidence Code, governing the admissibility of testimony by experts, is the same as Federal Rule 702. It provides:

"If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise." [emphasis added]

Thus, §§ 2704 and 2702 expand slightly the pre-Code standard which admitted expert testimony only where the trier of fact was otherwise unable to understand the issues.

Expert testimony on the ultimate issue is not admissible without limitation, however.

■ The test under § 2702 is usefulness. Will the expert testimony assist the trier of fact? If not helpful, then expert conclusions or opinions are inadmissible.[2] [See,

---

own statement walking. She advised me that she saw the vehicle approaching and thought it was approximately a block away at the time. The lighted conditions were dark. The fact that she had dark clothing on. I arrived at the opinion myself that she failed to yield the right of way to an oncoming vehicle.

Q. And was that the cause of the accident in your opinion? MR. MONARD: Your Honor, I'm going to object to that. THE COURT: He may state that.

A. It was an intruding factor, yes."

2. While the factual setting and certain of the resulting questions before the court in *Grismore v. Consolidated Products,* 232 Iowa 328, 5 N.W.2d 646, 663 (1942), were different from the instant case, the language of that decision regarding proper opinion testimony by any witness, expert or otherwise, is applicable here: "[W]e are not understood as saying that opinion testimony should be received as to all matters. It should be received only as to such matters as are the proper subjects of opinion testimony. No witness should be permitted to give his opinion directly that a person is guilty or innocent,

Frank T. Read, Oklahoma Evidence Handbook, p. 184, § 2702 (1979); 3 J. Weinstein & M. Berger, Evidence, § 704-2 (1981); McCormick, Evidence, § 12 (2d ed. 1972).]

Section 2403 gives the trial judge the additional discretion to exclude statements of opinion that otherwise meet the § 2702 requirement, but their probative value is substantially outweighed by the risk of prejudice, confusion, or waste of time.

■ The testimony as to causation introduced here did not assist the jury. It concerned facts that could be readily appreciated by any person who drives an automobile or crosses streets. No special skill or knowledge was needed to understand these facts and draw a conclusion from them. In such a case as this, where the normal experiences and qualifications of laymen jurors permit them to draw proper conclusions from the facts and circumstances, expert conclusions or opinions are inadmissible. The expert conclusion here was not helpful and should not have been admitted.

In *Lewis v. Schaffer*, Okl., 369 P.2d 639, 641 (1962), this Court upheld the exclusion of a patrolman's opinion as to causation of a vehicular collision under similar circumstances. While *Lewis* is a pre-Code case, its underlying rationale for the exclusion of this type of expert evidence is still sound:

"It is clear that the patrolman's statement that defendant failed to yield the right-of-way constituted an opinion or conclusion on his part as to the cause of the collision.... In our opinion, the cause of the collision in controversy was *within the knowledge and understanding of an ordinary person.*" [emphasis added]

In support of his view that the officer's testimony that appellant failed to yield or is criminally responsible or irresponsible, or that a person was *negligent or not negligent,* or that he had capacity to execute a will, or deed, or like instrument, or * * * * respecting whether a county attorney had probable cause to believe the plaintiff was guilty of the crime charged. But the reason is that such matters are not subjects of opinion testimony. They are mixed questions of law and fact. When a standard, or a measure, or a capacity has been fixed

right of way was admissible, Appellee Harvey relies on *Frase v. Henry*, 444 F.2d 1228 (10th Cir.1971), which held admissible a patrolman's opinion that one of the parties to a negligence action involving an automobile accident had failed to yield the right of way. The 10th Circuit construed a Kansas statute similar to Oklahoma's § 2704 in holding that the patrolman's opinion was admissible as "an aid to the jury insofar as it synthesized the ... facts which jurors unaided could not have synthesized for themselves." (at p. 1231)

However, in *Lollis v. Superior Sales Co.*, 224 Kan. 251, 580 P.2d 423, 431 (1978), the Supreme Court of Kansas overruled previous contrary authority that had been decided under the *Frase* rationale. The Kansas Court wholly disallowed expert opinion testimony of this sort in automobile negligence cases, and established this rule:

"In an automobile accident negligence case, an expert witness, whether an investigating police officer or other expert, may not state his opinion as to which of the parties was at fault in causing the accident or his opinion concerning what acts of the parties contributed to the accident." (overruling in part *Ziegler v. Crofoot*, 213 Kan. 480, 516 P.2d 954 (1973), and *Massoni v. State Highway Commission*, 214 Kan. 844, 522 P.2d 973 (1974)).

See also *Kleibrink v. M.K.T.R. Co., Inc.*, 224 Kan. 437, 581 P.2d 372 (1978).

We agree with the rationale of the Kansas Court, and we are persuaded to adopt the same rule here. Accordingly, we find that the officer's opinion as to appellant's failure to yield right of way should have been excluded not just because it bore on an ultimate issue, but because the conclu-
by law, no witness whether expert or non-expert, nor however qualified, is permitted to express an opinion as to whether or not the person or the conduct, in question, measures up to that standard. On that question, the court must instruct the jury as to the law, and the jury must draw its own conclusion from the evidence." [Emphasis added]

sion of the officer did not assist the jury in its deliberations. It was not useful since the jury was just as capable of drawing a proper conclusion from those facts as was the officer.

## II.

Finding the officer's testimony regarding causation inadmissible, we also conclude that its effect upon the jury was plainly prejudicial and its admission constituted reversible error. 12 O.S.1981, § 78.

We recognize that the determination of whether the threshold requirements for admissibility of an expert's opinion testimony have been met is to be made by the trial judge. 12 O.S.1981, § 2105, and that decision will not be overturned by this Court absent a clear abuse of discretion. However, we find that the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence, in admitting this testimony. *Abel v. Tisdale,* Okl., 619 P.2d 608 (1980).

This is not a case where the jury needed the opinion of an expert about fault. Permitting the officer to make observations based upon this evidence effectively put the stamp of expertise upon an issue that the jury was fully competent to decide. The vice of admitting such testimony is that it permits the jury to substitute the opinion of the officer for the combined judgment of the jury, encouraging a contest by experts rather than a trial by witnesses.

In *Maben v. Lee,* Okl., 260 P.2d 1064, 1067 (1953), this Court emphasized the prejudicial effect of the admission of an investigating officer's opinion as to fault in an automobile collision case:

"... Such testimony given by a witness occupying an official position, assuredly must have greatly impressed the jury, particularly since the average laymen undoubtedly would be inclined to place the

stamp of authenticity upon testimony by such an officer ..."

See also, *Murphy v. Hennen,* 264 Minn. 457, 119 N.W.2d 489 (1963); *Seaboard Coast Line R. Co. v. Buchman,* Fla.App., 358 So.2d 836, 842 (1978).

We find it highly probable that in this case the jury was unduly influenced by the opinion of one whose opinion was not needed by them to reach an intelligent conclusion as to the cause of the accident.

It was, therefore, prejudicial error to admit expert testimony on the issue of fault over the objections of the other party.

**REVERSED AND REMANDED** for a new trial not inconsistent with the views expressed in this opinion.

BARNES, C.J., and HARGRAVE, OPALA, and WILSON, JJ., concur.

HODGES, LAVENDER, DOOLIN, JJ., dissent.

HODGES, Justice, dissenting.

The ultimate issue to be determined is whether the Oklahoma Evidence Code is applicable to automobile negligence cases. It is my concern that if the majority may exclude the application of 12 O.S.1981 §§ 2403, 2702, 2704 to such cases, it may also carve exceptions in other areas. I am also concerned that the majority continues to cling to pre-Code law in order to validate its anachronous position.[1]

The standard to be applied under the Code is not the pre-Code standard of the inability of the trier of the fact to otherwise understand and determine issues based on scientific and technical knowledge; rather, the test is one of usefulness. The question is will the testimony assist the trier of the fact to understand or determine a fact in issue?

It is obvious from a plain reading of § 2704 that the Code liberalizes testimony on the ultimate fact.[2] The qualification for

---

**1.** See *Maben v. Lee,* 260 P.2d 1064, 1067 (Okl. 1953) cited in the majority opinion.

**2.** Title 12 O.S.1981 § 2704 states:
"Testimony in the form of an opinion or inference otherwise admissible is not objectionable

because it embraces an ultimate issue to be decided by the trier of fact."
7 Wigmore, p. 17 §§ 1920, 1921 (1978) discusses the common law basis for the rule that to permit the expert witness to testify concerning the ultimate issue invaded the province of the jury.

an expert witness is quite broad. Under § 2702, any witness qualified as an expert by knowledge, skill, experience, training or education may testify if his knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. Based on this definition, an expert may be an ordinary person whose experience provides him with knowledge which concerns some matter involved in the trial. Before an opinion is admissible, under the Code, it must be offered either by a lay person with personal knowledge of the facts or an expert witness with special qualifications, and must be found to be helpful to the trier of the fact. Section 2704 does not permit meaningless opinions to be admitted. They are excluded by the requirement that opinions must assist the trier of the fact.[3]

The expert's opinion, relating to the cause of the accident, was based substantially on his determination of the point of impact of the collision. Opinion testimony concerning the point of impact is proper if the expert witness first details the facts upon which his conclusion is based. We find that the evidence was helpful to the jury on the issue of causation because there was contradictory testimony between the witnesses and the appellant. The officer testified that the point of impact was seven feet out into the roadway rather than one foot from the curb. The officer's testimony concerning the point of impact based upon the physical evidence at the scene directly contradicted the testimony of the appellant.[4]

Although the jury could have decided the case without the expert testimony, it does not mean that the evidence was not of some assistance to the jury in reaching its verdict.[5] The weight to be accorded to expert testimony is for jurors, who may follow their own experiences, observations, and common knowledge and reject opinions of experts.[6] It is obvious that the conclusion, based upon the facts of the particular case, as to what caused an accident, may be so obvious that any reasonable person, trained or untrained, can draw that inference from the facts. It is equally clear that cases may occur where the opinion of an expert will greatly assist members of the jury. Necessarily, much must be left to the discretion of the trial court.

The trial court is vested with wide latitude in the determination of the admissibility of expert testimony or opinions and its ruling will not be reversed on appeal in the absence of a clear abuse of discretion.[7] I find the opinion of the officer assisted the trier of the fact to understand the evidence and to determine a fact in issue, and that the probative value of his testimony was not substantially outweighed by unfair prejudice to the appellant. The trial court did not abuse its discretion in admitting the expert testimony of the investigating officer.

I also find the majority's reliance on *Lollis v. Superior Sales Co.*, 224 Kan. 251, 580 P.2d 423, 431 (1978) to be misplaced. The dissent in *Lollis* noted that the Kansas Court nullified the Kansas statute when it held that an expert witness in an automobile negligence case may not give an opinion on what actions of the parties, if any, contributed to the accident. The majority has adopted the Kansas rationale which results in an arbitrary exercise of judicial sanction by imposition of a different standard for cases which involve automobile

---

Wigmore characterizes the rule as unduly restrictive, difficult to apply, and generally serving to deprive the trier of the fact of useful information.

**3.** W.J. Blakey, "An Introduction To The Oklahoma Evidence Code: Relevancy, Competency, Privileges, Witnesses, Opinion, And Expert Witnesses," 14 Tulsa L.J. 227, 313–14 (1978).

**4.** *Brown v. AAA Wood Products, Inc.,* 380 So.2d 784, 786 (Ala.1980).

**5.** *Shover v. General Motors Corp.,* 198 Neb. 470, 253 N.W.2d 299 (1977).

**6.** *Boxberger v. Martin,* 552 P.2d 370 (Okl.1976).

**7.** *Ballou v. Henri Studios, Inc.,* 656 F.2d 1147 (5th Cir.1981); *Missouri State Life Ins. Co. v. Everett,* 167 Okl. 350, 29 P.2d 575, 576 (1934).

negligence. In other areas,[8] Kansas continues to acknowledge the *Frase v. Henry*, 444 F.2d 1228 (10th Cir.1971) doctrine, and permits an expert witness to give an opinion on an ultimate issue if it aids in the interpretation of technical facts or assists the trier of the fact in understanding the material in question.

The cardinal rule of statutory construction is that the language of the statute should be considered to ascertain legislative intent. There is no room for construction or provision for further inquiry when the legislative intent is plainly expressed; nor may the court read exceptions into the statute which were not made by the legislature.[9] An exception for automobile negligence cases cannot be discerned either implicitly or explicitly from a perusal of the Code. Because there is no statute tailored to these circumstances,[10] we should not create one by judicial fiat.

I, therefore, respectfully dissent.

---

**8.** See *State v. Moore,* 230 Kan. 495, 639 P.2d 458, 460 (1982), where the court acknowledged the doctrine but refused to permit the expert to testify because his testimony was general and not based on the specific facts of the case.

**9.** *Hughes Drilling Co. v. Morgan,* 648 P.2d 32, 35 (Okl.1982); *Seventeen Hundred Peoria, Inc. v. City of Tulsa,* 422 P.2d 840 (Okl.1966).

**10.** See Simms, J., Specially Concurring in *Matter of Adoption of V.A.J.,* 660 P.2d 139, 145 (Okl.1983).